UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv- 00070-FDW

| | |
|---|---|
| HARRY SHAROD JAMES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TOM BRICKHOUSE and STATE OF NORTH )<br>CAROLINA, )<br>)<br>Respondents. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Respondents' Motion for Summary Judgment (Doc. No. 7) moving this Court to grant summary judgment on Petitioner's application for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 and Rule 56 of the Federal Rules of Civil Procedure. The Court advised Petitioner of his right to respond and the burden of proof he carried in so doing in a Roseboro notice (Doc. No. 9) and Petitioner timely filed a Response in Opposition to Respondent's Motion (Doc. No. 10). Accordingly, the Motion is ripe for review. For the reasons stated below, Respondents' Motion for Summary Judgment (Doc. No. 7) is GRANTED and Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED.

I. BACKGROUND

Petitioner, Harry Sharod James, is a prisoner of the State of North Carolina currently residing at Hyde Correctional Center in Fairfield, North Carolina. On June 10, 2010, Petitioner was found guilty of first-degree murder on the theories of malice, premeditation and deliberation, and under the felony murder rule. (See Doc. No. 8-4, p. 3). Petitioner was also convicted of robbery with a dangerous weapon. Id. Petitioner was sentenced to life imprisonment without parole for the murder

1

conviction and to a concurrent sentence of sixty-four to eighty-six months imprisonment for his conviction of robbery with a dangerous weapon. Id.

Petitioner timely appealed, and on October 18, 2011, the North Carolina Court of Appeals (NCCOA) filed an unpublished opinion and found no error. See State v. James, 716 S.E.2d 876 (N.C. Ct. App. 2011), review allowed and remanded, 366 N.C. 214, 748 S.E.2d 527 (2012).

Petitioner then filed a Petition for Discretionary Review (PDR) in the North Carolina Supreme Court (NCSC). During this time, N.C.G.S. § 15A-1340.19A et seq. was enacted following the United States Supreme Court's holding in Miller v. Alabama, which prohibited "a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller v. Alabama, 567 U.S. 460, 479, 132 S. Ct. 2455, 2469, 183 L. Ed. 2d 407 (2012). On August 23, 2012, the NCSC allowed Petitioner's PDR for remand to the NCCOA and to the trial court for resentencing. See State v. James, 366 N.C. 214, 748 S.E.2d 527 (2012). At the conclusion of Petitioner's resentencing hearing on December 12, 2014, Petitioner was resentenced to life without parole.

Petitioner gave timely notice of appeal. The NCCOA affirmed the constitutionality of N.C.G.S. § 15A-1340.19A et seq. but remanded the case because "the trial court did not issue sufficient findings of fact on the absence or presence of mitigate factors as required by N.C. Gen. Stat. § 15A–1340.19C(a)." State v. James, 247 N.C. App. 350, 367, 786 S.E.2d 73, 84 (2016), review allowed, writ allowed, appeal dismissed, 369 N.C. 537, 796 S.E.2d 789 (2017), and aff'd as modified and remanded, 371 N.C. 77, 813 S.E.2d 195 (2018).

Petitioner filed another PDR in the NCSC on June 3, 2016, challenging the constitutionality of N.C.G.S. § 15A-1340.19A et seq. The State filed a PDR requesting review of the NCCOA finding

2

that N.C.G.S. §§ 15A-1340.19A to 15A-1340.19D contained a presumption in favor of a life sentence without parole. The NCSC determined that N.C.G.S. §§ 15A-1340.19A to 15A-1340.19D is constitutional, but the Court of Appeals incorrectly determined that it created a presumption in favor of a sentence of life without parole. State v. James, 371 N.C. 77, 99, 813 S.E.2d 195, 211 (2018). The NCSC remanded the case to the Court of Appeals for remand to the Superior Court, Mecklenburg County for sentencing. Id.

On June 25, 2018, Petitioner filed a Motion for Appropriate Relief (MAR) seeking relief from his current conviction. (Doc. No. 8-14). On September 25, 2018, the MAR was denied. (Doc. No. 8). Petitioner filed the instant Petition for Writ of Habeas Corpus on February 11, 2019. (Doc. No. 1). Respondents filed their Motion for Summary Judgment on April 1, 2019 (Doc. No. 7) supported by a Memorandum (Doc. No. 8). Following the Court's issuance of a Roseboro notice, Petitioner filed his Response (Doc. No. 10) on April 17, 2019.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); See also United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Thus, to withstand a motion for summary judgment, the non-moving party must proffer competent evidence sufficient to reveal the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246-47 (1986).

In determining whether a "genuine issue of material fact" exists, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving

3

party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Erwin v. United States, 591 F.3d 313, 327 (4th Cir. 2008).  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  Anderson, 477 U.S. at 247-48.  Rather, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment."  Thompson v. Carlisle, 2010 WL 382044, at *1 (4th Cir. Feb. 3, 2010).  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.  Anderson, 477 U.S. at 248-49.

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d).  It is well settled that § 2254 sets a particularly high bar a person in custody requesting habeas relief must overcome.  See Metrish v. Lancaster, 569 U.S. 351 (2013); Harrington v. Richter, 562 U.S. 86, 103 (2011); Sigmon v. Stirling, No. 18-7, ---F.3d----, 2020 WL 1856396, at *6 (4th Cir. Apr. 14, 2020); Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011); Cummings v. Polk, 475 F.3d 230, 238 (4th Cir. 2007).  The highly deferential standard under § 2254 "ensures 'state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding.'"  Sigmon, 2020 WL 1856396, at *6 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).  Accordingly, a court may grant habeas relief on claims adjudicated on their merits in State court only if the adjudication of the claim resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) based on

4

an unreasonable determination of facts in light of the evidence presented in the State court proceeding. See Id.; 28 U.S.C. § 2254(d).

### III. ANALYSIS

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). However, it is well established that § 2254 maintains a highly deferential standard to the state courts' decisions. See Metrish v. Lancaster, 569 U.S. 351 (2013); Harrington, 562 U.S. at 103; Sigmon, 2020 WL 1856396, at *6; Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011); Cummings, 475 F.3d at 238. A court may grant habeas relief on claims adjudicated on their merits in state court only if the adjudication of the claim resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding. See Sigmon, 2020 WL 1856396, at *6; 28 U.S.C. § 2254(d).

**A. Robbery with a Dangerous Weapon**

Petitioner argues that his indictment for robbery with a dangerous weapon was defective because the indictment failed to state the value of the stolen goods, and therefore he lacked proper notice. (Doc. No. 1). Petitioner alleges this notice is required by North Carolina and Federal law; however, he does not indicate any other North Carolina or Federal cases where courts have held that the value of the stolen goods is a required element of robbery with a dangerous weapon. (Doc. No. 1).

Petitioner argues that the value of the stolen goods is an element of the crime because (1) it is a fact essential to the punishment of the crime and (2) punishment varies with value. (Doc. No. 10). However, under North Carolina law, the elements for robbery with a dangerous weapon are "(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened." State v. Small, 328 N.C. 175, 181, 400 S.E.2d 413, 416 (1991); See N.C. Gen. Stat. Ann. § 14-87; see also State v. McLean, 251 N.C. App. 850, 855, 796 S.E.2d 804, 808 (2017); State v. Hill, 365 N.C. 273, 275, 715 S.E.2d 841, 843 (2011). Accordingly, the value of the goods is not an essential element of the crime, and "it is not necessary or material to describe accurately or prove the particular identity or value of the property taken, further than to show it was the property of the person assaulted or in his care, and had a value." State v. Waddell, 279 N.C. 442, 445, 183 S.E.2d 644, 646 (1971) (internal citations omitted). Moreover, the NCSC has upheld the use of the short-form indictment for robbery with a dangerous weapon so long as it "contain[s] a description of the property sufficient, at least, to show that such property is the subject of robbery." State v. Guffey, 265 N.C. 331, 333, 144 S.E.2d 14, 16 (1965). In the present case, the indictment identified a debit card and a 1999 Honda Civic as the stolen items. (Doc. No. 8-2). The jury found these items were of value and were taken in the presence of the victim. (Doc. No. 8-2). This claim is without merit on federal habeas review because in North Carolina (1) the value of the stolen goods is not an essential element of the crime, and (2) the indictment sufficiently described goods of value that were taken in the presence of the victim.

Most importantly for this Court, Petitioner's claim is procedurally barred from federal habeas corpus review. Petitioner waived his right to assert a claim for defective indictment for his robbery

with a dangerous weapon indictment because he was able to raise this claim as part of his appeal but did not raise this claim until his MAR. (Doc. No. 8-14). See N.C.G.S. § 15A-1419(a)(3) (2017). Superior Court Judge Carla N. Archie appropriately applied North Carolina law by denying Petitioner's claim pursuant to N.C.G.S. § 15A-1419(a)(3)-(b) (2017) and determined that, "[Petitioner] ha[d] not shown good cause and actual prejudice nor a fundamental miscarriage of justice that would overcome the procedural bar." (Doc. No. 8-14). This Court's habeas review involves broad deference to Judge Archie's decision on matters of state law, and this claim is procedurally barred from federal habeas review. See 28 U.S.C. § 2554(d); Harrington, 562 U.S. at 103; Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977).

### B. Felony Murder Rule

Petitioner's second ground for relief is that the indictment was defective because it did not put him on proper notice of what type of homicide he should defend against. (Doc. No. 10). Petitioner asserts N.C.G.S. 14-17 describes "multiple, distinct, forms of homicide" and "[t]here is no way for petitioner to determine the type of homicide he must defend against." (Doc. No. 10). Petitioner claims the indictment is missing an allegation of every fact which is essential for the punishment, and therefore he was not put on proper notice. (Doc. No. 10).

The Court turns to the thorough analysis of the NCCOA. See Hartman v. Lee, 283 F.3d 190, 193 (4th Cir. 2002). The NCCOA denied the petition on the merits because the "[North Carolina] Supreme Court has previously held that a short-form indictment does not violate a defendant's constitutional rights." James, 716 S.E.2d at 876. Specifically, it is well established in North

7

Carolina that "premeditation and deliberation do not need to be separately alleged in the short-form indictment." Id. (citing State v. Braxton, 352 N.C. 158, 175, 531 S.E.2d 428, 437-38 (2000)).

Further, there is no Due Process violation because "the Constitution does not require the method by which the crime was committed to be alleged in the indictment." Hartman, 283 F.3d at 195 n.3. The Fourth Circuit has upheld the constitutionality of North Carolina's short-form indictment when the charge was based on a theory of premeditation or felony murder because "[p]rosecution on these theories is sufficiently commonplace that a reasonable defendant charged with common law murder would foresee that he might have to defend against them." Stroud v. Polk, 466 F.3d 291, 296–97 (4th Cir. 2006); Hartman, 283 F.3d at 195. Therefore, this Court on federal habeas review defers to the state courts' reasoning and application of state law.

For the reasons set forth above, there is no genuine issue of material fact and Respondents are entitled to summary judgement as a matter of law. With respect to the habeas review requirements as set forth in § 2254, (1) Petitioner has failed to point to and the Court finds no clearly established federal law, as determined by the Supreme Court, which contradicts with the NCCOA ruling, and (2) the Court finds the appellate court's decision was a reasonable determination of facts in light of the evidence presented in the State court proceeding. Therefore, Petitioner's claim of inadequate notice provided by his indictment fails to satisfy the requirements codified in § 2254.

**C. Inadmissible Evidence**

Petitioner's third assertion is that the State presented inadmissible evidence at trial because the State presented a Lab Report (Exhibit no. 77) on July 12, 2007 even though the Crime Laboratory STR Results Worksheet (Exhibit no. 80) was completed fourteen days later on July 26, 2007.

8

Petitioner argues the Lab Report was completed without confirming the results of the lab and is therefore inadmissible. (Doc. No. 1).

Petitioner's claim is procedurally barred from federal habeas corpus review. Petitioner waived his right to assert a claim for inadmissible evidence because he was able to raise this claim on direct appeal but did not raise this claim until his MAR. (Doc. No. 8-14). See N.C.G.S. § 15A-1419(a)(3) (2017); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."). Moreover, to excuse procedural default on a petitioner's claim "the existence of cause . . . must turn on something external to the defense." Id. at 493. Petitioner does not claim anything external "such as the novelty of the claim or a denial of effective assistance of counsel." Id. Petitioner also does not demonstrate a miscarriage of justice would result because he does not "show actual innocence by clear and convincing evidence." Id. (citing Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Judge Archie appropriately applied North Carolina law by denying Petitioner's claim pursuant to N.C.G.S. § 15A-1419(a)(3)-(b) (2017) and determined that "[Petitioner] ha[d] not shown good cause and actual prejudice nor a fundamental miscarriage of justice that would overcome the procedural bar." (Doc. No. 8-14). This Court defers in its habeas review to Judge Archie's decision, and therefore, this claim is procedurally barred from federal habeas review. See 28 U.S.C. § 2554(d); Harrington, 562 U.S. at 103; Reed, 489 U.S. at 263, 109 S. Ct. at 1043, 103 L. Ed. 2d 308; Wainwright, 433 U.S. 72.

Moreover, this claim is without merit in this Court on federal habeas review. The admission or exclusion of evidence in a state criminal trial is non-cognizable on federal habeas review unless it violates a specific constitutional right or is so egregious as to render the entire trial fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 67-8 (1991); Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993), cert. denied, 510 U.S. 1171 (1994). At trial, Petitioner had a full and fair opportunity to confront the Reporter who produced the report; nonetheless, Petitioner's counsel did not question the fourteen day difference during his cross examination of the Reporter. (Doc. No. 8-17). Petitioner has not sufficiently claimed a violation of his federal constitutional rights, and the admission of this evidence did not render the entire trial fundamentally unfair. See Estelle, 502 U.S. at 67-8; Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993), cert. denied, 510 U.S. 1171 (1994).

### D. Ex Post Facto Violations

Petitioner lists his fourth ground for relief as an ex post facto violation. (Doc. No. 1). Specifically, Petitioner argues that his re-sentencing violates the ex post facto clause because "the state arbitrarily subjected petitioner to a newly created sentencing scheme" and "[a] heavier penalty shall not be imposed than the one that was applicable at the time of the penal offence was committed." (Doc. No. 10). Petitioner seems to argue that he was not sentenced to the laws applicable in 2006 (the year when he committed the offense) and instead was sentenced according to laws later enacted. (Doc. No. 1). He claims this is an ex post facto violation and warrants federal habeas review. (Doc. No. 1).

For a violation of the ex post facto clause, the Petitioner must show (1) the law applied to events before its creation, and (2) the law disadvantages him. See Collins v. Youngblood, 497 U.S. 37, 42 (1990).

Contrary to Petitioner's claim, he was not subjected to an unconstitutional sentence ex post facto because he was sentenced and re-sentenced as a juvenile offender, and the NCSC appropriately mandated the sentencing court consider mitigating factors in accordance with Miller and N.C.G.S. § 15A-1340.19 et seq. See James, 371 N.C. at 99, 813 S.E.2d at 211. The NCSC addressed this claim on Petitioner's second appeal. See James, 371 N.C. at 99, 813 S.E.2d at 211. Petitioner was first sentenced to life without parole because at the time he was convicted in 2010, North Carolina mandated that the sentence for a juvenile who was convicted of first-degree murder was life without parole. Id. at 79, 198. See N.C.G.S. 14-17 (2009). However, the United States Supreme Court decided Miller v. Alabama in 2012, which prohibited juveniles from receiving a mandatory life sentence without parole unless there is a sentencing hearing to consider mitigating factors. Miller, 567 U.S. at 489, 132 S. Ct. at 2475. Shortly thereafter, N.C.G.S. § 15A-1340.19 et seq. was enacted to comply with Miller. See N.C.G.S. § 15A-1340.19 et seq.

On appeal, Petitioner argued that since N.C.G.S. § 15A-1340.19 et seq. was enacted after he committed the murder, its application to him violates the ex post facto clause. (Doc. No. 8). The NCSC determined there was no ex post facto violation because the Petitioner was not disadvantaged by the retroactive sentencing and in fact could have received a lesser sentence as a result of Miller. James, 371 N.C. at 99, 813 S.E.2d at 211 ("[G]iven that N.C.G.S. §§ 15A-1340.19A to 15A-1340.19D make a reduced sentence available to defendant and specify procedures that a sentencing judge is required to use in making the sentencing decision, we believe

11

that defendant's challenge to the validity of the relevant statutory provisions as an impermissible ex post facto law is without merit.").

The Court again defers on federal habeas review to the NCSC's well-reasoned finding that "N.C. Gen. Stat. § 15A-1340.19A et seq. does not impose a more severe punishment than that originally mandated in N.C.G.S. § 14-17, but instead provides sentencing guidelines that comply with the United States Supreme Court's decision in Miller." James, 716 S.E.2d at 876. See Harrington, 562 U.S. at 103; 28 U.S.C. § 2554(d). Given the deferential standard of review contained in 28 U.S.C. § 2554(d) and (e), the judgment of the NCSC is presumed to be upheld by a federal habeas court, and accordingly this Court declines to grant federal habeas relief on Petitioner's ex post facto claim.

**E. Dangerous Weapon**

Petitioner's fifth ground for relief is that "the dangerous weapon that petitioner was indicted for does not meet the standard for first-degree murder, or felony-murder pursuant to N.C.G.S. 14-17(a)" because "Petitioner was indicted for a dangerous weapon, not deadly weapon." (Doc. No. 1). Petitioner argues that the indictment lacks the essential elements of "force and arms" and because of this, he was unable to prepare an effective defense. (Doc. No. 10).

The NCSC has defined a deadly weapon as "any article, instrument or substance which is likely to produce death or great bodily harm." State v. Sturdivant, 304 N.C. 293, 301, 283 S.E.2d 719, 725 (1981). Specifically, the NCSC notes that "a hunting knife, a kitchen knife and a steak knife have been denominated deadly weapons per se." Id. Therefore, the kitchen knife used in Petitioner's case is "per se" a deadly weapon. See id.

Additionally, Petitioner waived his right to assert a claim for a defective indictment because he was able to raise this claim on direct appeal but did not raise this claim until his MAR, where it was procedurally barred. (Doc. No. 8). Judge Archie appropriately applied North Carolina law by denying Petitioner's claim pursuant to N.C.G.S. § 15A-1419(a)(3)-(b) (2017) and determined that, "[Petitioner] ha[d] not shown good cause and actual prejudice nor a fundamental miscarriage of justice that would overcome the procedural bar." (Doc. No. 8-14).

Further, this claim is procedurally barred from federal habeas corpus review. To attack a claim that was procedurally barred in state court because it was not brought on direct appeal, Petitioner "must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Mikalajunas, 186 F.3d at 492–93. Moreover, to excuse a procedural default, the claim "must turn on something external to the defense." Id. at 493. Petitioner does not claim anything external "such as the novelty of the claim or a denial of effective assistance of counsel." Id. Petitioner also does not demonstrate that a miscarriage of justice would result because he does not "show actual innocence by clear and convincing evidence." Id. (citing Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). This Court is once again inclined to defer to Judge Archie's decision on federal habeas review, and this claim is procedurally barred from federal habeas review. See 28 U.S.C. § 2554(d); Harrington, 562 U.S. at 103; Wainwright, 433 U.S. at 72.

### F. Double Jeopardy

Petitioner's final ground for relief is that he was subjected to double jeopardy. (Doc. No. 1). Pursuant to the Fifth Amendment of the U.S. Constitution, "[n]o person shall be subject for the

same offense to be put twice in jeopardy of life or limb." U.S. Const., Amend. V. The Double Jeopardy clause of the Fifth Amendment has been applied to the states through the Fourteenth Amendment's Due Process clause. See Benton v. Maryland, 395 U.S. 784, 787 (1969). The Double Jeopardy clause prohibits "successive prosecutions for the same offense." Whittlesey v. Conroy, 301 F.3d 213, 216–17 (4th Cir. 2002) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).

Petitioner argues that he was subjected to double jeopardy because the State used elements from his indictment for robbery with a dangerous weapon to obtain a felony murder conviction, and he was convicted of the underlying felony. (Doc. No. 1). Petitioner argues that these convictions "require different elements to lawfully have personal jurisdiction over [him]." (Doc. No. 10). The "same elements test" articulated in Blockburger v. United States is the appropriate measure of determining whether a violation of double jeopardy has occurred. 284 U.S. 299 (1932); United States v. Dixon, 509 U.S. 688 (1993) (confirming that the same elements test is the correct method of analysis for double jeopardy claims based on successive prosecutions for the same offense). The same elements test requires an inquiry into whether "each offense created requires proof of a different element." Blockburger, 284 U.S. at 304. If this Blockburger test is answered affirmatively, then no double jeopardy has occurred.

Petitioner was found guilty of first-degree murder on the theories of premeditation and deliberation and felony murder. James, 371 N.C. at 94, 813 S.E.2d at 207. First-degree murder based on the theory of premeditation and deliberation requires different elements than robbery with a deadly weapon. Under North Carolina law, to convict a defendant of first-degree murder based on a theory of premeditation and deliberation, "the State must prove: (1) an unlawful killing; (2) with malice; (3) with the specific intent to kill formed after some measure of premeditation and

deliberation." State v. Peterson, 361 N.C. 587, 595, 652 S.E.2d 216, 223 (2007). The NCCOA found the trial court made no error in convicting Petitioner of first-degree murder on the basis of premeditation and deliberation. James, 716 S.E.2d at 876. The elements for robbery with a dangerous weapon under North Carolina law are "(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened." Small, 328 N.C. at181, 400 S.E.2d 41at 416; See N.C. Gen. Stat. Ann. § 14-87. See also McLean, 251 N.C. App. at 855, 796 S.E.2d at 808; Hill, 365 N.C. at 275, 715 S.E.2d at 843. Therefore, the two indictments contained alleged crimes requiring proof of different essential elements than the other, and thus there was no double jeopardy violation.

Further, Petitioner waived his right to assert a claim for a double jeopardy because he was able to raise this claim on direct appeal but did not raise this claim until his MAR. (Doc. No. 8-14). See N.C.G.S. 15A-1419(a)(3) (grounds for denial of a MAR include situation in which "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so"). Thus, this claim is procedurally barred from federal habeas review and without merit.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Judgment (Doc. No. 7) is GRANTED,
2. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED, and
3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a

15

denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

IT IS SO ORDERED.

Signed: May 28, 2020

Frank D. Whitney
Chief United States District Judge